# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

OLIVER PORTER, Appellant, *v.* WILLIAM A. ROBINSON AND OTHERS, RESPONDENTS.*

30 ̄209|
26ap153|

| 30h | 209| |
| 75 AD | 175| |

*Trustees of a union school district— constitute a body corporate—1864, chap. 555, title 9, sec. 7 —meeting of the trustees — what notice thereof, must be given to the trustees — when a notice need not be given to a member who is absent from the State and could not attend — members are presumed to have notice of a regular meeting — renewal of tax warrant.*

APPEAL from a judgment of the County Court of Cortland county in favor of the defendants, entered upon a verdict directed by the court, and from an order denying a motion for a new trial made upon the minutes of the judge before whom the action was tried.

In the year 1877 the defendants, acting as the trustees of a school district in the town of Homer, in the county of Cortland, made an assessment against the appellant Porter for a school tax levied for the benefit of said district. Under a warrant issued by them to collect the amount of the tax and a renewal thereof, and in virtue of the directions therein contained, the collector seized certain property belonging to the plaintiff of the value of something over $300. A portion of the property was sold by the collector; the unsold portion he offered to return to Porter, but the latter would not accept it. For this taking this action was brought in the County Court of Cortland county.

Upon the first trial a recovery was had by the plaintiff for the value of the property so taken and seized, but upon appeal to this court the judgment entered upon the verdict was reversed and a new trial was ordered. Upon the second trial the plaintiff was non-suited, and upon a motion for a new trial before the county judge the same was denied.

The court at General Term said : " The Union School District

---

* Decided July, 1883.

No. 1 of Homer had been duly organized under Laws 1864, chapter 555, title 9. The trustees, or board of education, were, therefore, a body corporate. (Sec. 7 of that title; *Bassett* v. *Fish*, 75 N. Y., 303, at 311.)

" On the second Tuesday of October, 1877, Stone, one of the defendants, was elected a trustee. He was then in Minnesota; had gone from the State August 29, 1877, and did not return till November 14, 1877. He received no communication from the defendant Webb, who was then clerk of the school district during his absence. But he was notified by defendant Bennett October 17, 1877, of his election. The notification was by letter, received during his absence in Minnesota. After his return he acted as trustee for the first time December 20, 1877. The first question, then, presented is, whether the warrant, signed November 9, 1877, by eight trustees and not by Stone, and signed at a meeting, of which he was not notified, is valid.

"As the trustees form a corporation, it may be doubted whether chapter 321, Laws of 1874, is applicable. The similar cases in which that chapter (or the section of the Revised Statutes thereby amended) has been held to apply are cases of school district officers not incorporated. For instance, *Keeler* v. *Frost* (22 Barb., 400). But since the decision in *Bassett* v. *Fish* we must recognize the corporate character of these trustees of their school districts.

" To them, as a corporation, either the common-law rule or section 6 of 1 Revised Statutes, marginal page 600, seems to apply, when we consider the validity of a meeting. That section declares that a majority shall be a sufficient number to form a board for the transaction of business, and that every decision of a majority of the persons duly assembled as a board shall be valid as a corporate act. The only question, then, would be whether an omission to notify one of the trustees would show that the majority were not duly assembled as a board, and would show that the decisions of that majority were not valid. I should be of the opinion that such mere omission, in the absence of bad faith, would not invalidate the act of the majority exercising corporate powers.

" But in the present case it is hardly necessary to decide that question. The object of notice is to give the person notified an opportunity to attend. There is no other virtue in the notice. Now when a person, elected as trustee, is at the time of his election

in a distant State and continues there all the time until after the meeting in question, never having had any formal notice of his election, it would be unreasonable to say that a meeting was made invalid by a failure to give him notice thereof. Must a personal notice be served on him in Minnesota? Or if a notice left at his house is sufficient, of what use would it be to one who was beyond its reach? It cannot be necessary to do an act which, when done, would be of no use. By remaining where he could not attend the meetings of the board of education, Stone practically waived any notice of such meetings; and indeed put it beyond the power of the proper officer to give any.

And it further may be noticed that, according to some of the testimony, the assessment-roll and tax list were submitted to the board and acted upon at a *regular* meeting. " Of the time of holding such meetings the members are presumed to have notice. (*People* v. *Batchelor*, 22 N. Y., 128.) We think, therefore, that the objection above discussed as to the validity of the warrant is not well taken. Nor do we think that the plaintiff's objection to the renewal is well taken. There is no reason why the board should wait until the warrant had run out before making the renewal." (Sec. 86, tit. 7, chap. 555, Laws 1864.)

\*        \*        \*        \*        \*

*J. McGuire*, for the appellant.

*Waters & Knox*, for the respondents.

Opinion by LEARNED, P. J.

Present — LEARNED, P. J., BOOKES and BOARDMAN, JJ.

Judgment affirmed, with costs.